UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

**ROBERT STEINBUCH**                                     **PLAINTIFF**

**v.**                  **Case No.: 4:06-CV-0000 620-WRW**

**JESSICA CUTLER; HYPERION BOOKS;
DISNEY PUBLISHING WORLDWIDE;
HOME BOX OFFICE; AND TIME WARNER**        **DEFENDANTS**

### RULE 12(b)(2) MOTION TO DISMISS SEPARATE DEFENDANT JESSICA CUTLER FOR LACK OF PERSONAL JURISDICTION

Separate defendant Jessica Cutler, for her Motion to Dismiss for Lack of Personal Jurisdiction under Fed. R. Civ. P. 12(b)(2), states:

1. This lawsuit arises out of the publication of a book, *The Washingtonienne* (the "Book"), which the plaintiff alleges invaded his privacy and subjected him to intentional infliction of emotional distress.

2. Plaintiff has sued separate defendant Cutler, the author of the Book, among other defendants, but this Court has no personal jurisdiction over Ms. Cutler, either specific or general.

4. There is no general jurisdiction over Ms. Cutler in Arkansas because she lacks sufficient minimum contacts with Arkansas to support an exercise of general personal jurisdiction over her in the State.

5. As set out in the Affidavit of Ms. Cutler, she is a resident of the State of New York. She was born in California and moved to New York as a child,

where she lived until she moved to the District of Columbia in 2003. In 2004, she returned to New York, where she currently resides. Ms. Cutler's Affidavit is attached as Exhibit A to this Motion to Dismiss.

6. Ms. Cutler has never lived in Arkansas; she is not licensed to do business in Arkansas; she has no bank accounts or assets of any kind in Arkansas; and owns no real or personal property in the State. (Exhibit A) She has neither incurred nor paid taxes in Arkansas. (Exhibit A) She is not listed in any Arkansas telephone directories; has no office, mailing address, place of business or other kind of presence in Arkansas. (Exhibit A) In fact, she has never been to the State of Arkansas. (Exhibit A)

7. The Court cannot exercise specific personal jurisdiction over Ms. Cutler because she also lacks minimum contacts to support this type of personal jurisdiction. The plaintiff was not an Arkansas resident at any time when the complained of conduct occurred. The plaintiff admits that he moved to Arkansas after the Book was written and published.

8. Ms. Cutler is not a party to the distribution contract between the publisher of the Book, separate defendant Hyperion, an imprint of Buena Vista Books, Inc. ("Buena Vista Books") and the distributor, a nonparty to the litigation.

9. Ms. Cutler has not conducted any activities within the State of Arkansas or directed her activities at this State so as to establish requisite minimum contacts for specific personal jurisdiction. (Exhibit A)

10. The relationship among Ms. Cutler, the State of Arkansas, and this litigation is fairly characterized as random, attenuated, and fortuitous. Neither Mr. Steinbuch's unilateral act of moving to Arkansas after Ms. Cutler's alleged tortious conduct occurred, nor his attenuated stream-of-commerce theory can bootstrap a finding of specific personal jurisdiction as to Ms. Cutler under established Eighth Circuit law.

11. Prior to filing this lawsuit, the plaintiff filed another lawsuit against Ms. Cutler in the Federal District Court of the District of Columbia styled *Steinbuch v. Cutler,* Case No. 01:05-CV-00970-PLF (the "D.C. Lawsuit"). That lawsuit is still pending and includes the same allegations against Ms. Cutler as in this lawsuit. The complaint in the D.C. Lawsuit, as with the First Amended Complaint in this lawsuit, claims damages from Ms. Cutler for invasion of privacy and intentional infliction of emotional distress resulting from her alleged revelation of Mr. Steinbuch's sexual proclivities as set out in her weblog ("Blog") and in the Book. A copy of the complaint in the D.C. Lawsuit is attached as Exhibit B.

12. Ms. Cutler did not publish the Book. A copy of the contract between Ms. Cutler and the publisher, Hyperion, an Imprint of Buena Vista Books, Inc. is attached as Exhibit C.

13. Furthermore, upon information and belief only a limited number of copies of the Book have been sold in Arkansas.

14. Not only does Ms. Cutler lack minimum contacts to support either general or specific personal jurisdiction, but also, requiring her to defend a lawsuit in Arkansas fails the additional requirement that the exercise of personal jurisdiction comport with traditional notions of "fair play and substantial justice." The Eighth Circuit has instructed courts to consider five factors in making this determination: (1) the nature and quality of the defendant's contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for the parties; and (5) the convenience of the parties.

15. There is nothing for the Court to consider in assessing "the nature and quality" or the "quantity" of Ms. Cutler's contacts with Arkansas since she has none. (Exhibit A)

16. Arkansas has a limited interest in providing a forum for Mr. Steinbuch, since he has chosen a different forum in the D.C. Lawsuit. According to the plaintiff's complaint, Ms. Cutler's alleged tortious conduct occurred outside of the State of Arkansas. It is difficult to discern what interest the State of Arkansas has in providing the plaintiff with a second forum for a duplicative lawsuit concerning conduct that occurred outside the State and prior to his becoming an Arkansas resident.

17. Arkansas is not a convenient forum, since the plaintiff is the only Arkansas resident in the lawsuit, and he admittedly moved to the State only after Ms. Cutler's alleged tortious conduct occurred.

18.     There is no personal jurisdiction over Ms. Cutler in this Court, either general or specific, because she lacks requisite minimum contacts.  In addition, an exercise of personal jurisdiction by an Arkansas court would not comport with the fundamental due process requirement that such an exercise comport with "traditional notions of fair play and substantial justice."

WHEREFORE, separate defendant Jessica Cutler respectfully requests that she be dismissed from this lawsuit, under Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction, that she be granted her reasonable costs and attorneys' fees in defending this matter, and all proper relief.

WILLIAMS & ANDERSON PLC
Twenty-Second Floor
111 Center Street
Little Rock, Arkansas 72201
(501) 372-0800

By: ___/s/_Beth Deere_____
    Philip S. Anderson, Ark. Bar # 60001
    Jess Askew III, Ark. Bar # 86005
    Beth Deere, Ark. Bar # 86050
    Clayborne S. Stone, Ark. Bar # 2003102

*Attorneys for Defendant Jessica Cutler*

**CERTIFICATE OF SERVICE**

  I certify that on this 18th day of August, 2006, I served a copy of the foregoing document via the Court's ECF/Pacer electronic filing system upon the following persons:

Jonathan Rosen, Esquire
1645 Lamington Road
Bedminster, NJ 07921
*Attorney for Plaintiff*

Claire Hancock, Esquire
M.N. Norton, Esquire
Gary D. Marts, Esquire
Wright, Lindsey & Jennings
200 West Capitol Avenue, #2200
Little Rock, AR 72201
*Attorneys for Separate Defendants*
*Time Warner and Home Box Office*

            __/s/ Beth Deere_____
              Beth Deere