UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

**ROBERT STEINBUCH**                                                             **PLAINTIFF**

**v.**                     **Case No.: 4:06-CV-0000 620-WRW**

**JESSICA CUTLER; HYPERION BOOKS;
DISNEY PUBLISHING WORLDWIDE;
HOME BOX OFFICE; AND TIME WARNER**           **DEFENDANTS**

### RULE 12(b)(2) MOTION TO DISMISS SEPARATE DEFENDANT DISNEY PUBLISHING WORLDWIDE FOR LACK OF PERSONAL JURISDICTION

Disney Publishing Worldwide ("DPW"), for its Motion to Dismiss for Lack of Personal Jurisdiction under Fed. R. Civ. P. 12(b)(2), states:

1. This lawsuit arises out of the publication of a book, *The Washingtonienne* (the "Book"), authored by separate defendant Jessica Cutler. In his First Amended Complaint, the plaintiff alleges that publication of the Book constituted an invasion of his privacy and subjected him to intentional infliction of emotional distress.

2. Plaintiff has sued DPW, among other defendants, but this Court has no personal jurisdiction over DPW, either specific or general.

3. The Court cannot exercise specific personal jurisdiction over DPW because DPW has no connection with the conduct that allegedly caused the plaintiff's injuries in this case, *i.e.,* the distribution of the Book. That is, there is no nexus between DPW and the plaintiff's alleged injuries in this case.

4. There is no general jurisdiction over DPW in Arkansas because DPW lacks sufficient minimum contacts with this State to support an exercise of general personal jurisdiction over it in Arkansas.

5. As set out in the Affidavit of Vincent Loncto, DPW's Senior Vice President, DPW is a corporation organized and operated under the laws of the State of California, with its principal place of business in the State of California. (Exhibit A)

6. DPW was not responsible for the distribution of *The Washingtonienne*. DPW did not contract with any entity for the distribution of the Book. In fact, DPW played no part in either the publication or the distribution of *The Washingtonienne*. DPW did not contract with the author of the Book or make payments to the author of the Book. (Exhibit A) Upon information and belief, the Book was published by separate defendant Hyperion, an imprint of Buena Vista Books, Inc. ("Buena Vista Books").

7. DPW does not have bank accounts, telephone listings, real estate, or personal property in Arkansas. (Exhibit A)

8. DPW does not maintain an office in Arkansas and has no agent for service of process in this State. (Exhibit A)

9. DPW does not "transact business" within the State of Arkansas, as that term is defined in Ark. Code Ann. § 4-27-1501. (Exhibit A)

10. Buena Vista Books is a subsidiary corporation of DPW. Hyperion, an imprint of Buena Vista Books, Inc, is a division of Buena Vista Books and not of DPW. (Exhibit A)

11. DPW and Buena Vista Books are separate corporate entities and have separate employees. DPW and Buena Vista Books maintain separate payrolls. (Exhibit A)

12. DPW and Buena Vista Books maintain separate books and records. (Exhibit A)

13. DPW does not control the business operations and affairs of Buena Vista Books; nor does it approve significant business decisions of Buena Vista Books. (Exhibit A)

14. Buena Vista Books is responsible for the conduct of its own day-to-day business activities. (Exhibit A)

15. Buena Vista Books does not hold itself out to be an agent for DPW and is not authorized to act for DPW without its consent.

16. Under settled Arkansas and Eighth Circuit precedent, DPW cannot be held liable for the acts of its subsidiary corporation, Buena Vista Books, unless the plaintiff can produce evidence to permit the Court to pierce the corporate veil between the two corporations by finding that DPW is the alter ego of Buena Vista Books.

17. Plaintiff has not pleaded, nor can he prove, that DPW is the alter ego of Buena Vista Books. The proof is directly to the contrary. (Exhibit A)

WHEREFORE, DPW respectfully prays that the Court dismiss it from this lawsuit, under Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction; award it reasonable costs and attorneys' fees; and grant it all proper relief.

                WILLIAMS & ANDERSON PLC
                111 Center Street
                Twenty-Second Floor
                Little Rock, Arkansas 72201
                (501) 372-0800
                (501) 372-6453 (facsimile)
                E-mail: bdeere@williamsanderson.com

                By:   /s/ Beth Deere_____
                    Philip S. Anderson, Ark. Bar # 60001
                    Jess L. Askew, Ark. Bar # 86005
                    Beth M. Deere, Ark. Bar #86050
                    Clayborne S. Stone, Ark. Bar # 2003102

                *Attorneys for Separate Defendant*
                *Disney Publishing Worldwide*

## CERTIFICATE OF SERVICE

I certify that on this 18th day of August, 2006, I served a copy of the foregoing document via the Court's ECF/Pacer electronic filing system upon the following persons:

Jonathan Rosen, Esquire
1645 Lamington Road
Bedminster, NJ 07921
*Attorney for Plaintiff*

Claire Hancock, Esquire
M.N. Norton, Esquire
Gary D. Marts, Esquire
Wright, Lindsey & Jennings
200 West Capitol Avenue, #2200
Little Rock, AR  72201
*Attorneys for Separate Defendants*
*Time Warner and Home Box Office*

　　　　　　　　　　　　　　　　　　　　__/s/ Beth Deere_____
　　　　　　　　　　　　　　　　　　　　　　　Beth Deere