UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

**ROBERT STEINBUCH**                                      **PLAINTIFF**

**v.**                  **Case No.: 4-06 CV0000 620WRW**

**JESSICA CUTLER; HYPERION BOOKS;
DISNEY PUBLISHING WORLDWIDE;
HOME BOX OFFICE; AND TIME WARNER**       **DEFENDANTS**

**BRIEF IN SUPPORT OF RULE 12(b)(2) MOTION TO DISMISS
SEPARATE DEFENDANT DISNEY PUBLISHING WORLDWIDE
<u>FOR LACK OF PERSONAL JURISDICTION</u>**

I.    <u>Background</u>:

This lawsuit arises out of the publication of a book, *The Washingtonienne* (the "Book"), authored by separate defendant Jessica Cutler. The Book was published by separate defendant Hyperion, an imprint of Buena Vista Books, Inc. ("Buena Vista Books"). Separate defendant Disney Publishing Worldwide ("DPW") is the parent corporation of Buena Vista Books, but that is its only connection to any part of this lawsuit. DPW is a separate and distinct corporate entity from Buena Vista Books. (Exhibit A)

This Court lacks specific personal jurisdiction over DPW because DPW neither published nor distributed the Book. Furthermore, DPW lacks sufficient general contacts with the State of Arkansas for the Court to exercise general personal jurisdiction over it. Because there is neither specific nor general

jurisdiction over DPW in Arkansas, DPW is entitled to summary dismissal before it is required to expend further time and expense defending this lawsuit.

II.     Analysis and Discussion:

    A.     Plaintiff bears the burden of proving personal jurisdiction.

Under the law of this Circuit, the plaintiff bears the burden of establishing that DPW is subject to this Court's jurisdiction once the issue is contested. *See, e.g., First Nat'l Bank of Lewisville v. First Nat'l Bank of Clinton*, 258 F.3d 727, 729 (8th Cir. 2001). "Once jurisdiction has been controverted or denied, the plaintiff has the burden of proving such facts." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 -73 (8th Cir. 2004) (quoting *Block Indus. v. DHJ Indus., Inc.*, 495 F.2d 256, 259 (8th Cir. 1974)). "If the complaint does not allege sufficient facts on which personal jurisdiction can rest, then the complaint is factually deficient. Mere conclusory statements devoid of a factual foundation do not suffice in this inquiry." *Davis v. St. John's Health Sys., Inc.*, 348 Ark. 17, 22, 71 S.W.3d 55, 57 (2002) (internal citation omitted).

In determining whether a non-resident defendant is subject to the forum state's jurisdiction, the Court must first look to the applicable state long-arm statute and then determine whether the exercise of personal jurisdiction over the defendant comports with the Due Process Clause of the Fourteenth Amendment. *Epps v. Stewart Information Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003). Because "the Arkansas long-arm statute authorizes jurisdiction over foreign corporations to the fullest extent allowed by constitutional due process…[the

Court's] inquiry devolves into the single question whether the exercise of personal jurisdiction comports with due process." *Id.*

"Due process requires 'minimum contacts' between [a] non-resident defendant and the forum state such that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Burlington Indus., Inc. v. Maples Indus., Inc.,* 97 F.3d 1100, 1102 (8th Cir. 1996) (quoting *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92(1980)). In order to comport with due process, personal jurisdiction requires that there be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *First Nat'l Bank of Lewisville*, 258 F.3d at 729 (quoting *Hanson v. Denckla*, 377 U.S. 235, 253 (1958)).

  B. <u>The Court lacks specific or general personal jurisdiction over DPW</u>.

The United States Supreme Court has identified two types of personal jurisdiction, specific and general. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984). Under the theory of general personal jurisdiction, a court may exercise personal jurisdiction over a defendant who has "continuous and systematic" contacts with the forum state, even if the defendant's activities in the forum state have nothing to do with the injuries at issue in the lawsuit. *Id.* at 415-16. On the other hand, specific jurisdiction allows a court to exercise personal jurisdiction over a non-resident defendant even if that defendant has no

3

general activities in the forum state, so along as the specific conduct giving rise to the lawsuit has a connection to the forum state. *Id*. at 414.

Both general and specific personal jurisdiction, however, require "some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Even after a finding of minimum contacts, a court must consider "whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)). The Eighth Circuit has developed a five-factor test for determining the sufficiency of a non-resident defendant's contacts with the forum state:

> (1) the nature and quality of the contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties.

*Epps*, 327 F.3d at 648; *Dever*, 380 F.3d at 1073-74. All but the third factor are applicable when determining general jurisdiction. See *Lakin v. Prudential Securities, Inc.*, 348 F.3d 704, 711-12 (8th Cir. 2003). More weight is to be afforded the first three factors. *Dever*, 380 F.3d at 1073-74 (quoting *Burlington Indus.*, 97 F.3d at 1102).

Four of the five factors militate against the exercise of personal jurisdiction over DPW in this case, as supported by the affidavit of Vincent Loncto, DPW's

4

Senior Vice President, and explained more fully below.  DPW has virtually no contacts with the State of Arkansas, whether qualitative or quantitative in nature.  DPW has no connection at all with the publication or distribution of the Book.  (Exhibit A) Arkansas is not a convenient forum for anyone, save the plaintiff, who moved to Arkansas after the Book was published.

> *1. There is no basis upon which to rest specific personal jurisdiction over DPW.*

The only arguable connection that DPW has with the claims in this lawsuit is that the publisher of the Book at issue, Buena Vista Books, is a subsidiary corporation of DPW.  DPW is neither the publisher nor the distributor of the Book, as set out in Mr. Loncto's affidavit.  (Exhibit A)  DPW did not contract with the author of the book and made no payments to the author.  Furthermore, DPW did not contract with the entity that distributed the Book. (Exhibit A)

Under established Arkansas law, a parent corporation cannot be held liable for the acts of a subsidiary corporation unless a plaintiff proves that the parent is the alter ego of the subsidiary.  Plaintiff has not pleaded an alter ego theory against DPW and, even if he had, he has no evidence to support such a theory.

Alter ego proceedings are not favored under Arkansas law.  See *In re Ozark Restaurant Equip. Co.*, 61 B.R. 750, 754 (W.D. Ark. 1986).  The Arkansas Supreme Court consistently has held that in determining whether to pierce the corporate veil of a corporation they will proceed with "great caution." *Parker v.*

5

*Point Ferry, Inc.*, 249 Ark. 764, 768, 461 S.W.2d 587, 590 (1971) (quoting *Banks v. Jones*, 239 Ark. 396, 390 S.W.2d 108 (1965)).

When considering whether an entity is the alter ego of another, courts consider, among other factors, whether the corporation has observed corporate formalities. See, *e.g., Lorenz v. Beltio, Ltd.*, 963 P.2d 488, 496 (Nev. 1998); *Horton Dairy, Inc. v. U.S.*, 986 F.2d 286, 289 (8th Cir. 1993); *In re Gillespie*, 269 B.R. 383, 388 (E.D. Ark. 2001). As discussed below, plaintiff cannot meet any of the standards to prove a lack of respect for corporate formalities between Buena Vista Books and DPW.

Furthermore, there are no public policy reasons to consider in this case. The alter ego doctrine may be applied when (1) fairness demands it; (2) it is necessary to prevent wrongdoing; and (3) one entity is a mere tool of other party. *In re Gillespie*, 269 B.R. at 388. Here, none of these factors weigh in favor of the drastic remedy of piercing the corporate veil.

Courts have declined to ignore corporate structures and pierce the veil between two corporations in an array of circumstances. Even when two corporations have identical shareholders and engage in mutual dealings, there is no ground for a court to ignore the separate corporate identities and pierce the corporate veil. *Keeshin v. Farmers & Merch. Bank of Rogers*, 199 F. Supp 478, 486 (W.D. Ark. 1961). Similarly, the fact that two corporations have common officers is an insufficient ground to pierce the corporate veil. *Mannon et al. v. R. A. Young & Sons Coal Co.*, 207 Ark. 98, 179 S.W.2d 457, 460 (1944); see also

*Lange v. Burke*, 69 Ark. 85, 61 S.W. 165, 167 (1901) (holding that two corporations practically under the control of the same persons is insufficient to prove that they merged into one entity).

Even in the case when one corporation is a resident of the forum state, a situation not present in this case, the resident corporation's contacts cannot be imputed to the non-resident parent corporation for purposes of personal jurisdiction unless a plaintiff can show that the non-resident parent corporation dominates and controls the resident corporation. *Lakota Girl Scout Council, Inc. v. Havey Fund-Raising Mgmt.*, 519 F.2d 634, 637 (8th Cir. 1975) ("Long-arm derivative jurisdiction over a foreign parent corporation has been found where the parent so controlled and dominated the activities of its resident subsidiary that the latter's separate corporate existence was in effect disregarded"); *Purple Onion Foods, Inc. v. Blue Moose of Boulder, Inc.*, 45 F. Supp.2d 1255 (D. N.M. 1999) (holding that alter ego theory cannot attribute the contacts of the dominating individual to the dominated corporation for purposes of personal jurisdiction).

Courts have held that money deposited from one company into the account of another company does not show an alter ego relationship. See, *e.g., Kennecorp Mortgage & Equities, Inc. v. First Nat'l Bank of Fairbanks*, 685 P.2d 1232, 1240 n.6 (Ak. 1984). The sharing of officers, directors, and office space does not make one corporation the alter ego of another. *TJS Brokerage & Co. v.* Mahoney, 940 F. Supp. 784 (D. Pa. 1996). Moreover, holding the stock or assets of a subsidiary is insufficient for jurisdictional purposes. *Doe v. Unocal Corp.*, 27 F. Supp.2d

1174 (D. Cal. 1998). When a parent corporation does not control the day-to-day operations of its subsidiary and does not disregard corporation formalities, it is not the alter ego of its subsidiary for personal jurisdiction purposes. *Insolia v. Philip Morris, Inc.*, 31 F. Supp.2d 660 (D. Wis. 1998).

In order to find personal jurisdiction over DPW, based on the fact that it is the parent corporation of Buena Vista Books, this Court would have to conclude that DPW exercises so much control over Buena Vista Books that the two companies are, in effect, the same corporation. Plaintiff has not pleaded this; he cannot prove it, because it is not true. There is, and can be, no proof that DPW exercises control or dominion over Buena Vista Books so as to permit a court to disregard the corporate veil separating the two corporations. In fact, the evidence is directly to the contrary.

Plaintiff cannot dispute that DPW and Buena Vista Books have separate employees and maintain separate payrolls. (Exhibit A) The two corporations maintain separate books and records. (Exhibit A) DPW does not control the business operations and affairs of Buena Vista Books; nor does it approve significant business decisions made at Buena Vista Books. (Exhibit A) Buena Vista Books is responsible for its own day-to-day operations, and it is not, and does not hold itself out to be, an agent for DPW. (Exhibit A) Buena Vista Books is not authorized to act for DPW without its consent. (Exhibit A)

Given these facts, the plaintiff cannot carry his burden of proving facts that would justify asking this Court to ignore settled corporate law and disregard

legitimate corporate structures. There is no evidence to permit this Court to pierce the corporate veil separating the two discrete corporations so as to hold DPW liable for the acts of Buena Vista Books. Without establishing an alter ego connection, there is no plausible theory the plaintiff can urge to support specific personal jurisdiction over DPW. Thus, the Court should grant DPW's motion to dismiss for lack of personal jurisdiction.

> 2. *There is no basis upon which to rest general personal jurisdiction over DPW.*

Just as there is no basis on which to base specific personal jurisdiction over DPW in this case, there is, likewise, no basis to hold DPW in the lawsuit based on general personal jurisdiction. General jurisdiction arises when the non-resident's contacts with the state are so continuous and systematic that the state has the power to entertain any cause of action over a defendant regardless of a relationship between the cause of action and the defendant's contacts within the forum. *Epps,* 327 F.3d at 648.

The five *Epps* factors compel the conclusion that DPW has insufficient ties to Arkansas to support a finding of general personal jurisdiction. Because DPW has virtually no contacts with the State, it is difficult to imagine how the plaintiff could argue that DPW has the quality of contacts, not to mention a sufficient quantity, to support a finding of general personal jurisdiction in this State. Arkansas has little interest in adjudicating claims that arose when neither the plaintiff nor DPW was a resident of the State. Arkansas is an inconvenient forum

for DPW and, from the allegations in the First Amended Complaint, it appears that none of the witnesses, except for the plaintiff himself, lives in Arkansas.

The due process requirements for general personal jurisdiction are more rigorous than for specific personal jurisdiction because general jurisdiction requires proof of continuous and systematic contacts between the defendant and the forum state. *Helicopteros*, 466 U.S. 408, 414; see also, 4 CHARLES ALLEN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1067.5. (3d ed. 2002).

General personal jurisdiction does not require a connection between a plaintiff's cause of action and the nonresident defendant's contacts with the State, but it does require that the nonresident defendant's general contacts with the foreign state be so substantial that they justify an Arkansas court's exercise of personal jurisdiction over that defendant. *Davis,* 348 Ark. at 24, 71 S.W.3d at 58 (citing *Burger King Corp.,* 41 U.S. 462). Those "other contacts" must be "continuous, systematic, and substantial." *Davis,* 348 Ark. at 24, 71 S.W.3d at 59 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984)).

For example, the Arkansas Supreme Court, interpreting Arkansas's long-arm statute and constitutional due process considerations, has held that an out-of-state corporation's telephone and mail transactions, standing alone, do not satisfy the minimum contacts requirement of the due process clause of the United States Constitution and Arkansas' long-arm statute. *CDI Contractors, Inc. v. Goff Steel Erectors, Inc.*, 301 Ark. 311, 314, 783 S.W.2d 846, 847 (1992); *John Norrell*

*Arms, Inc. v. Higgins,* 332 Ark.22, 30, 962 S.W.2d 804 (1998); see also *Glenn v. Student Loan Foundation of Arkansas*, 53 Ark. App. 132, 134, 920 S.W.2d 500, 501 (1996) (finding that "the use of the arteries of interstate mail and banking facilities, standing alone, is insufficient to satisfy due process in asserting long-arm jurisdiction over a nonresident"). In *John Norrell Arms,* the Arkansas Supreme Court found that a corporation had manifestly insufficient contacts with Arkansas to justify general personal jurisdiction when the corporation was not registered to conduct business in Arkansas, had no employees in the State, had no agent for service, and had never initiated contact with people in Arkansas, but rather had contact with Arkansas only through sales to its residents and deliveries of those purchases to Arkansas by mail or delivery service. *John Norrell Arms*, 332 Ark. at 30, 962 S.W.2d at 804.

As set out in Mr. Loncto's affidavit (Exhibit A), DPW is a California corporation with its principal place of business in the State of California. It has no bank accounts in Arkansas; nor is it listed in any telephone directories. DPW owns no real estate or personal property in Arkansas. It has no offices in this State. It has neither incurred nor paid taxes in Arkansas. Significantly, DPW is not licensed to transact business in Arkansas and, in fact, does not transact business, as that term is defined in the Arkansas Code. ARK. CODE ANN. § 4-27-1501.

III.     Conclusion:

DPW cannot properly be haled into an Arkansas court.  It lacks requisite contacts with the State of Arkansas to support either specific or general personal jurisdiction.  DPW has no connection with the creation, publication or distribution of the Book at issue.  It is the parent corporation of Buena Vista Books, but that fact cannot, and does not, subject it to personal jurisdiction in Arkansas.  Buena Vista Books is not the alter ego of DPW, or vice versa, and the plaintiff has no proof to the contrary.  Not only does DPW lack any connection with the Book at issue in this case, it has no contacts with the State of Arkansas at all that could support a finding of general personal jurisdiction over it.  For these reasons, DPW respectfully requests that it be dismissed from this lawsuit and spared further expense, in terms of both time and money, in defending this lawsuit.

Respectfully submitted,

WILLIAMS & ANDERSON PLC
111 Center Street
Twenty-Second Floor
Little Rock, Arkansas 72201
(501) 372-0800
(501) 372-6453 (facsimile)
E-mail: bdeere@williamsanderson.com

By:     /s/ Beth Deere_____
    Philip S. Anderson, Ark. Bar # 60001
    Jess Askew, III, Ark. Bar # 86005
    Beth Deere, Ark. Bar #86050
    Clayborne S. Stone, Ark. Bar # 2003102

*Attorneys for Separate Defendant
Disney Publishing Worldwide*

## **CERTIFICATE OF SERVICE**

I certify that on this 18th day of August, 2006, I served a copy of the foregoing document via the Court's ECF/Pacer electronic filing system upon the following persons:

Jonathan Rosen, Esquire
1645 Lamington Road
Bedminster, NJ 07921
*Attorney for Plaintiff*

Claire Hancock, Esquire
M.N. Norton, Esquire
Gary D. Marts, Esquire
Wright, Lindsey & Jennings
200 West Capitol Avenue, #2200
Little Rock, AR  72201
*Attorneys for Separate Defendants*
*Time Warner and Home Box Office*

                                            __/s/ Beth Deere_____
                                                  Beth Deere