UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

**ROBERT STEINBUCH**                                              **PLAINTIFF**

v.                      Case No.: 4:06-CV-0000 620-WRW

**JESSICA CUTLER; HYPERION BOOKS;
DISNEY PUBLISHING WORLDWIDE;
HOME BOX OFFICE; AND TIME WARNER**                **DEFENDANTS**

RULE 12(b)(2) MOTION TO DISMISS SEPARATE DEFENDANT
HYPERION, AN IMPRINT OF BUENA VISTA BOOKS, INC.,
FOR LACK OF PERSONAL JURISDICTION

Hyperion, an imprint of Buena Vista Books, Inc. ("BVB"), for its Motion to Dismiss for Lack of Personal Jurisdiction under Fed. R. Civ. P. 12(b)(2), states:

1.      This lawsuit arises out of the publication of a book, *The Washingtonienne* (the "Book"), authored by separate defendant Jessica Cutler. Plaintiff Robert Steinbuch initiated this proceeding on June 15, 2006, claiming causes of action for invasion of privacy and intentional infliction of emotional distress.

2.      Plaintiff has sued BVB, among other defendants, for its role as publisher of the Book. However, BVB should be dismissed from this case because this Court lacks personal jurisdiction over it.

3.      This Court's inquiry is limited to whether the exercise of its personal jurisdiction over BVB comports with due process. Due process requires minimum contacts between a non-resident defendant and the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.

4. There is no general jurisdiction over BVB in Arkansas because BVB lacks sufficient minimum contacts with this State to support an exercise of general personal jurisdiction over it in Arkansas.

5. As set out in the Affidavit of Robert S. Miller, BVB's President, BVB is a corporation organized and operated under the laws of the State of California, with its principal place of business in the State of California. A copy of the Affidavit of Robert S. Miller is attached at Exhibit A.

6. BVB does not have any bank accounts, telephone listings, real estate, or personal property in Arkansas. (Exhibit A)

7. BVB does not maintain an office in Arkansas and has no agent for service of process in this State. (Exhibit A)

8. BVB does not "transact business" within the State of Arkansas, as that term is defined in Ark. Code Ann. § 4-27-1501. (Exhibit A)

9. There is no basis upon which the Court can assert specific jurisdiction over BVB. Specific jurisdiction is only viable if the injury giving rise to the lawsuit occurred within or had some connection to the forum state.

10. Plaintiff was not an Arkansas resident until after the Book was published.

11. As set forth in the Affidavit of Sharon Kitter, Executor Director of Operations at BVB, BVB is the publisher of the Book, not the distributor. A copy of the Affidavit of Sharon Kitter is attached to this Motion as Exhibit B. BVB entered into a book distribution agreement (the "Agreement") with Time Warner Book Group, Inc.,

now Hachette Book Group, USA ("HBG"). (Exhibit B)  BVB does not own HBG, and, as the Agreement states, BVB and the Distributor are not a joint venture. (Exhibit B)

12.  HBG has the exclusive right to distribute the Book through normal channels of trade, i.e. retail or wholesale accounts. (Exhibit B)  With respect to distribution within the United States, the Agreement provides in general for a broad territory of distribution in the United States, without specifying or targeting states or regions. (Exhibit B)  BVB has not directed HGB to target any title, including the Book, specifically for distribution in either the state of Arkansas or the region of the country in which it is located. (Exhibit B)

13.  Even if a court determines that BVB has minimum contacts with the forum state, the Court must then consider the five factors for determining the sufficiency of a non-resident defendant's contacts with the forum state: (1) the nature and quality of the contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties.

14.  The majority of the factors weigh in favor of this Court not exercising jurisdiction over BVB.  BVB's contacts in Arkansas are virtually non-existent.  Further, plaintiff's unilateral act of moving to Arkansas and filing the complaint, when the alleged conduct behind the lawsuit occurred outside of the State makes plaintiff's relations with the State attenuated at best.

15.  BVB merely published the Book; it was not the distributor of the Book, nor did it exercise control over the distributor's decisions regarding distribution.  BVB has no

contacts with the State of Arkansas that could support a finding of general or specific personal jurisdiction over it.

WHEREFORE, BVB respectfully prays that the Court dismiss it from this lawsuit, under Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction; award it reasonable costs and attorneys' fees; and grant it all proper relief.

WILLIAMS & ANDERSON PLC
111 Center Street
Twenty-Second Floor
Little Rock, Arkansas 72201
(501) 372-0800
(501) 372-6453 (facsimile)
E-mail: bdeere@williamsanderson.com

By: __/s/ Beth Deere__
   Philip S. Anderson, Ark. Bar # 60001
   Jess L. Askew, Ark. Bar # 86005
   Beth M. Deere, Ark. Bar #86050
   Clayborne S. Stone, Ark. Bar # 2003102

*Attorneys for Separate Defendant*
*Hyperion, an imprint of Buena Vista Books, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 18th day of August 2006, I served a copy of the foregoing document via the Court's ECF/Pacer electronic filing system upon the following persons:

Jonathan Rosen, Esquire
1645 Lamington Road
Bedminster, NJ 07921
*Attorney for Plaintiff*

Claire Hancock, Esquire
M.N. Norton, Esquire
Gary D. Marts, Esquire
Wright, Lindsey & Jennings
200 West Capitol Avenue, #2200
Little Rock, AR  72201
*Attorneys for Separate Defendants*
*Time Warner and Home Box Office*

　　　　　　　　　　　　　　　　　　　　__/s/ Beth Deere_____
　　　　　　　　　　　　　　　　　　　　　　　　Beth Deere