IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

ROBERT STEINBUCH                                  PLAINTIFF

VS.                 NO. 4:06-cv-00620-WRW

JESSICA CUTLER, HYPERION BOOKS,
DISNEY PUBLISHING WORLDWIDE,
HOME BOX OFFICE, and TIME WARNER             DEFENDANTS

### THE MOTION TO DISMISS OF
### HOME BOX OFFICE, INC. AND TIME WARNER INC.

Defendants Home Box Office, Inc. ("HBO") and Time Warner Inc. ("Time Warner"), for their motion to dismiss plaintiff's first amended complaint ("Complaint") and for sanctions against plaintiff and his counsel, state:

1.      Plaintiff's complaint fails to state a cause of action against HBO and Time Warner and must be dismissed pursuant to Rule 12(b)(6). Plaintiff has not pled that either HBO or Time Warner has engaged in any act which would support any of the claims asserted in this matter.

2.      This Court does not have personal jurisdiction over HBO and the complaint against HBO should be dismissed.

3.      This Court must also dismiss plaintiff's complaint against Time Warner because it is a distinct legal entity not liable for any actions by HBO and it has not been properly served with process.

4.      Plaintiff's claims against HBO and Time Warner are wholly baseless, and plaintiff and his counsel are deserving of sanction.

5.    HBO holds an option to acquire certain rights in a novel entitled *The Washingtonienne*, authored by separate defendant Jessica Cutler and published by separate defendant Hyperion Books.

6.    HBO, however, has not exercised its option, nor has it "published" anything whatsoever concerning plaintiff, a fact which plaintiff acknowledges in his complaint. Complaint, ¶ 23.

7.    *The Washingtonienne,* according to the complaint, describes "in graphic detail the intimate amorous and sexual relationship between [separate defendant] Cutler and plaintiff...." Complaint, ¶ 1. That sentence is the exact language that plaintiff used to describe the "blog" on the World Wide Web for which he sued Ms. Cutler in the United States District Court for the District of Columbia, alleging invasion of privacy and intentional infliction of emotional distress. *Robert Steinbuch v. Jessica Cutler*, No. 1:05-cv-00970-PLF-JMF (D.C.), Copy of Complaint attached hereto as Exhibit A. *See also* Memorandum Opinion and Order in the D.C. matter, dated April 14, 2006, attached hereto as Exhibit B.

8.    The district court may take judicial notice of public records and may thus consider them on a motion to dismiss.

9.    To what extent the "blog" was or was not based in fact, *The Washingtonienne*, written by Ms. Cutler, is a work of fiction, albeit one perhaps inspired by her personal experiences.

10.    Although plaintiff does not assert a claim for slander or libel, he complains that the publishing of *The Washingtonienne* constitutes publication of private facts, a

2

misappropriation of his name or likeness, places him in a false light, and intrudes upon his seclusion. He further asserts a claim for intentional infliction of emotional distress.

11.    Plaintiff's complaint also acknowledges, however, that neither HBO nor Time Warner published or disseminated the novel.

12.    Other than blanket references to "Defendants," there is not a single factual assertion contained in the complaint regarding Time Warner.

13.    Time Warner, while the ultimate parent company of HBO, neither has nor had any involvement in any potential HBO project based on *The Washingtonienne,* and plaintiff makes no such allegation.

14.    With respect to the allegations regarding HBO, plaintiff's complaint states only that HBO has "purchased from Defendant Cutler the rights to make her book into a TV series and has started production thereof." Complaint, ¶ 21. That alleged fact is insufficient to support plaintiff's claims against HBO. The only other allegations which run to HBO are plaintiff's repeated references to his belief that defendants are "creating a TV series." Complaint, ¶¶ 23, 27, 29 and 31. Again, the act of "creating" a television series, the contents of which are as yet undetermined and which has never aired, is not actionable and plaintiff's complaint must be dismissed.

15.    When ruling on a motion to dismiss under Rule 12(b)(6), a district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party.

16.    Dismissal for failure to state a claim must be granted when plaintiff can prove no set of facts in support of a claim entitling him to relief because dismissal under Rule

12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity.

17.    Plaintiff here cannot prove facts to support his asserted causes of action against HBO and Time Warner, and his claims against them must be dismissed.

18.    To establish a claim for outrage (as the tort is identified by Arkansas courts), a plaintiff must demonstrate the following elements: (1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was "extreme and outrageous," was "beyond all possible bounds of decency," and was "utterly intolerable in a civilized community;" (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it.

19.    Plaintiff here has failed to allege that any outrageous conduct on the part of HBO (or Time Warner) actually has occurred.

20.    The facts pled by plaintiff, of conduct which might occur, are certainly not facts which even arguably support a claim for intentional infliction of emotional distress.

21.    Arkansas courts have recognized the four "privacy" claims asserted here by plaintiff. Each, however, requires some *actual* invasion of that privacy and not some *anticipated or potential* invasion.

22.    Because, at most, plaintiff here is complaining of a perceived injury he might suffer at the hands of HBO in the future (a claim which HBO emphatically denies), plaintiff is, in essence, seeking an advisory opinion from this Court that events that have not even taken place constitute an invasion of his privacy.

23.     Such an advisory opinion is prohibited by Article III of the United States Constitution and, in any event, should be avoided in the interest of judicial economy.

24.     Arkansas courts require that, to sustain a claim for publication of private facts, there be actual public disclosure.

25.     Public disclosure of private facts is actionable only if it involves publicity of a highly objectionable kind, given to private information about the plaintiff, even though it is true and no action would lie for defamation.

26.     Here, there has been no "publicity," properly so called, of any kind as the result of any act of HBO or Time Warner.

27.     Because HBO and Time Warner have not published *anything* relating to *The Washingtonienne* project, let alone communicated anything relating to plaintiff to the public at large, it is beyond dispute that plaintiff has not and cannot plead a claim against either one of them for this tort.

28.     Arkansas recognizes the misappropriation branch of the privacy tort, defining it as the nonconsensual use of the plaintiff's name or likeness for the defendant's commercial benefit.

29.     HBO and Time Warner, however, have not "published" anything nor have they aired any television series, as plaintiff recognizes in his Complaint.  Complaint, ¶¶ 21,

30.     Plaintiff does not allege that HBO or Time Warner have actually used his name or likeness in any fashion beneficial to them or otherwise, and therefore cannot claim that they have misappropriated either.

31.    Plaintiff's conclusory allegation fails to contain core facts necessary to rise to the level of a properly pled misappropriation claim.

32.    The elements of a false light claim are public disclosure, falsity, identification of the plaintiff, offensiveness, and fault.

33.    Defendant has not pled facts in his complaint that HBO or Time Warner identified him or publicly disclosed him in a "false" light or in any light whatsoever.

34.    Because plaintiff has not and cannot allege that HBO or Time Warner have published anything at all, and therefore neither has given publicity to a matter about plaintiff that could even arguably place him in a false light, plaintiff has failed to state a claim for false light invasion of privacy.

35.    Arkansas courts recognize a claim for intrusion upon seclusion where there is the invasion by one defendant upon the plaintiff's solitude or seclusion.

36.    Plaintiff, however, does not plead that HBO and Time Warner have physically intruded upon his solitude or seclusion, nor that they have acted in any matter to obtain from or about him facts that remain private. His only allegation is that HBO has acquired certain rights to a previously published book. Complaint, ¶ 21.

37.    Plaintiff has failed to plead a cause of action against HBO or Time Warner for intrusion upon seclusion.

38.    Plaintiff's complaint against Time Warner also must be dismissed because plaintiff has not served Time Warner with process pursuant to Fed. R. Civ. P. 4(h)(1).

39.    Rather than following that rule by serving "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of

process," plaintiff's process server left the summons and complaint with the employee of another defendant not located in the same place.

40.     Fed. R. Civ. P. 12(b)(5) authorizes dismissal of a complaint for insufficient service of process.  Valid service of process is a prerequisite for a federal district court to assert personal jurisdiction over a defendant.

41.     Under Fed. R. Civ. P. 4(h)(1), service upon a corporation must be effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."

42.     The rule is substantially the same in the state courts of New York, where service was purportedly effected, and in Arkansas, where this Court sits.

43.     Plaintiff carries the burden of demonstrating that the person on whom service was made is indeed of one of the classes of people upon whom service of process is authorized under Rule 4(h)(1).

44.     Authorization of an agent for service of process must be expressly given. Moreover, the representation of a purported agent that he is authorized to accept service is not sufficient to make service upon that person valid when there is no actual authorization.

45.     Plaintiff's service of process upon Michael Leung-Tat ("Leung-Tat") was insufficient.  Leung-Tat has no relationship to Time Warner, and he also was not an expressly authorized principal-agent of Time Warner with authority to accept service of process on its behalf.

46.   Plaintiff's affidavit of service acknowledges that Leung-Tat is an employee of separate defendant HBO.  (Exhibit C attached hereto, Affidavit of Service, at ¶ 2).  According to that document, Leung-Tat reportedly stated that he was authorized to accept service on behalf of Time Warner.  (Exhibit C at ¶ 2).

47.   Leung-Tat, however, denies that he ever made any statement intimating that he was authorized to accept service of process on behalf of Time Warner and that he indeed did not have any such authority.  (Exhibit D attached hereto, Affidavit of Michael Leung-Tat).

48.   Plaintiff's only "proof" that Leung-Tat was a duly authorized agent to accept service of process on behalf of Time Warner is the statement in the affidavit of service that Leung-Tat represented that he was Time Warner's agent.  Even if true (which Leung-Tat denies) such a statement is not sufficient to satisfy Rule 4(h)(1)'s requirements for service of process.  Plaintiff must demonstrate that Leung-Tat had actual authority to accept service of process.

49.   Because plaintiff cannot make such a showing, service of process on Time Warner is insufficient, depriving this Court of jurisdiction over Time Warner and entitling Time Warner to dismissal of the complaint against it.

50.   HBO does not regularly or continuously do business in Arkansas, making general personal jurisdiction inapplicable.  The complaint says little to nothing about HBO and, therefore, from the pleading's face it is not apparent that personal jurisdiction over HBO can be inferred.

51.   The Arkansas Long Arm Statute, Ark. Code Ann. 16-4-101, as judicially applied, requires a plaintiff to plead some prima facie evidence of personal jurisdiction. Here

8

it is impossible to discern any availing contact with Arkansas by HBO from any allegation in plaintiff's complaint, and therefore plaintiff has failed to plead anything that would form a basis for special personal jurisdiction over HBO.

52.     While Time Warner is HBO's parent company, the complaint does not cite a single act by Time Warner of any kind.  It therefore appears that plaintiff's sole basis for his claims against Time Warner is that it is the parent company of the entity that optioned the novel about which plaintiff is complaining.

53.     A parent corporation generally is not liable for the acts of its subsidiary.

54.     Consequently the complaint should be dismissed as against HBO for want of jurisdiction over the person and against Time Warner for want of any legal responsibility for any of the acts alleged in the complaint.

55.     As is evident from the complaint itself, plaintiff, a lawyer, and his attorney of record  filed this action knowing that there was no basis in law to assert the claims here.

56.     The district court must apply an "objective reasonableness" standard in determining whether a Rule 11 violation has occurred. The court must determine whether the attorney signing the pleading conducted a reasonable inquiry into the facts and law supporting the pleading.

57.     The test for whether Rule 11 is violated does not require a finding of subjective bad faith by the attorney or unrepresented party.

58.     As Rule 11 itself provides, sanctions may be appropriate where a claim is "presented for any improper purpose, such as to harass," including any claim based on

"allegations and other factual contentions [lacking] evidentiary support" or unlikely to prove well-grounded after reasonable investigation.

59.   It is obvious here that plaintiff and his counsel did not engage in an objectively reasonable inquiry with respect to the law as it applies to the activities of HBO and Time Warner – neither has published any information whatsoever about plaintiff, a fact which is self-evident.

60.   In-house counsel for HBO wrote to plaintiff's counsel, outlining in great detail the absence of any conduct by HBO and citing applicable law, and requested that plaintiff dismiss his complaint as to HBO and Time Warner. *See* letter dated July 24, 2006, attached hereto as Exhibit E.   Plaintiff and his counsel, however, did not deign to respond.

61.   Based upon the undisputed facts known at the time the complaint was filed and later provided to plaintiff and his counsel, it is clear that the claims against HBO and Time Warner were asserted for improper purpose, whether it be to harass them, forum shop or to extract payment should HBO decide to move forward with a project based upon *The Washingtonienne.*

62.   Given the blatant lack of facts (or even essential allegations) to support any cause of action against HBO or Time Warner, and the failure to investigate the facts and law even following the filing of the complaint, sanctions are warranted in this action, including reasonable costs and attorneys' fees necessitated by the filing of this motion to dismiss.

Wherefore, defendants Home Box Office, Inc. and Time Warner Inc. respectfully request that this Court grant their motion to dismiss the complaint in its entirety as against

them, and award sanctions as appropriate.

Respectfully submitted,

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: chancock@wlj.com

By  _Claire Hancock_

Claire Shows Hancock (95013)
N. M. Norton (74114)
Gary D. Marts, Jr. (2004116)

Attorneys for Defendant Home Box Office, Inc.
and Time Warner Inc.

11

CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2006, I electronically filed the foregoing with the Clerk of Court using

the CM/ECF system, which shall send notification of such filing to the following:

Beth M. Deere
Philip S. Anderson
Clayborne S. Stone
Jess L. Askew, III
Williams & Anderson, PLLC
111 Center Street, Suite 2200
Little Rock, AR 72201-2413
E-mail: bdeere@williamsanderson.com
        psa@williamsanderson.com
        cstone@williamsanderson.com
        jaskew@williamsanderson.com

Attorney for Separate Defendants Hyperion Books
and Disney Publishing Worldwide

Jonathan Rosen
1200 Gulf Blvd.
Clearwater, Florida 33767
E-mail: xjonathan@mac.com

Attorney for Plaintiff

I hereby certify that on August 2, 2006, I served a copy of the foregoing by U. S. mail on the

following:

Jessica Cutler
422 East Tenth St., Apt. 4R
New York, New York 10003
Pro Se Defendant

_____
Claire Shows Hancock (95013)
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: chancock@wlj.com