# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS

**ROBERT STEINBUCH**                                                   **PLAINTIFF**

**v.**                         **Case No.: 4:06-CV-0000 620-WRW**

**JESSICA CUTLER; HYPERION BOOKS;**
**DISNEY PUBLISHING WORLDWIDE;**
**HOME BOX OFFICE; AND TIME WARNER**                   **DEFENDANTS**

## RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND MOTION TO STAY DISCOVERY

Separate Defendants Jessica Cutler, Hyperion, an Imprint of Buena Vista Books, Inc. ("BVB"), and Disney Publishing Worldwide ("DPW") (collectively "Separate Defendants"), for their Response to Plaintiff's Motion for Extension of Time and for their Motion to Stay Discovery, state:

1.      Separate Defendants filed motions to dismiss based on lack of personal jurisdiction on August 18, 2006. Under the Federal Rules of Civil Procedure and Local Rule 7.2(b), Plaintiff's responses to the motion would be due, at the latest, on Friday, September 1, 2006.

2.      On Sunday, August 20, 2006, Plaintiff's attorney, Jonathan Rosen, sent an email requesting that all defendants, including Separate Defendants, agree to extending the time for filing responses to the motions to dismiss to November 15, 2006. A copy of Mr. Rosen's August 20, 2006 email is attached as Exhibit A.

3.      On Monday, August 21, 2006, undersigned counsel for Separate Defendants responded to Mr. Rosen, stating that Separate Defendants would agree

to the extension and that discovery should be stayed during the three-month response time. A copy of the August 21, 2006 email response is attached as Exhibit B.

4. Mr. Rosen responded on August 21, 2006, by email: "Thanks for your consent on the motion for extension. We will not agree to stay discovery." Mr. Rosen's email response is attached as Exhibit C.

5. The undersigned responded by email, still on August 21, 2006, explaining that defendants who are not subject to personal jurisdiction should not be required to respond to a plaintiff's discovery over a three-month period that the plaintiff purportedly needs to respond to the motions. A copy of this email is attached as Exhibit D.

6. In response, Mr. Rosen sent an email stating, among other things, that "this is not a negotiation," and referring to the undersigned's request for a stay of discovery during the three-month response time as "extortionary." A copy of that email is attached as Exhibit E.

7. Counsel for Separate Defendants emailed Mr. Rosen the next morning, August 22, 2006, in another attempt to accommodate his request for an extension of time. The undersigned again agreed to a three-month time for responses with a stay of discovery or, in the alternative, to a shorter, more reasonable, extension of time without a stay. A copy of that email is attached as Exhibit F.

8. As explained in the August 22, 2006 email to Mr. Rosen, Separate Defendants are placed in an untenable position if Plaintiff is permitted three months to engage in unilateral discovery. Separate Defendants cannot propound discovery, or otherwise participate actively in the lawsuit, without jeopardizing their legal position that this Court lacks personal jurisdiction over them. Thus, any discovery during the lengthy extension that Mr. Rosen requests would be entirely one-sided.

9. Furthermore, Mr. Rosen's plaintive plea for three months to respond to motions, on account of being a sole practitioner, rings hollow when coupled with his vehement protest to a stay of discovery. If Mr. Rosen requires all of three months to respond to the motions to dismiss, how will he have time to engage in discovery during that same three-month period?

10. Separate Defendants do not object to the Court's granting Mr. Rosen whatever period of time he needs, and the Court deems reasonable, to respond to the motions to dismiss for lack of personal jurisdiction. But, Mr. Rosen should devote that time to drafting timely responses so that the Court can address the threshold issue of whether these Separate Defendants are properly before this Court prior to requiring them to spend months responding to one-sided discovery requests.

11. Separate Defendants should not have to choose between actively defending this lawsuit (risking waiver of personal jurisdiction) and responding to one-sided discovery over an extended period of time.

12.     Plaintiff is not entitled to any discovery at this stage of the lawsuit because he has failed to allege a colorable basis for personal jurisdiction over the Separate Defendants.   They ask that all discovery be stayed pending resolution of their motions to dismiss for lack of personal jurisdiction.

13.     The pending motions are not voluminous motions for summary judgment.  Rather, they are narrowly tailored, straightforward motions to dismiss based on a lack of personal jurisdiction.  The applicable law is, likewise, narrow and straightforward.

WHEREFORE, Separate Defendants pray that this Court will stay discovery while the motions to dismiss are pending, and that it grant Separate Defendants their reasonable fees and costs in responding to the motion for extension.

        WILLIAMS & ANDERSON PLC
        111 Center Street
        Twenty-Second Floor
        Little Rock, Arkansas 72201
        (501) 372-0800
        (501) 372-6453 (facsimile)
        E-mail: bdeere@williamsanderson.com

        By:   /s/ Beth Deere
           Philip S. Anderson, Ark. Bar # 60001
           Jess L. Askew, Ark. Bar # 86005
           Beth M. Deere, Ark. Bar #86050
           Clayborne S. Stone, Ark. Bar # 2003102

*Attorneys for Separate Defendants*
*Jessica Cutler, Hyperion, an Imprint*
*of Buena Vista Books, Inc. and*
*Disney Publishing Worldwide*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of August, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following counsel of record.

Jonathan Rosen, Esquire
1645 Lamington Road
Bedminster, NJ 07921
*Attorney for Plaintiff*

Email: xjonathan@mac.com

Claire Hancock, Esquire
Gary D. Marts, Esquire
Wright, Lindsey & Jennings
200 West Capitol Avenue, #2200
Little Rock, AR  72201
*Attorneys for Separate Defendants*
*Time Warner and Home Box Office*

Email: chancock@wlj.com  sscoggin@wlj.com
Email: gmarts@wlj.com  rmoles@wlj.com

                                                    __/s/ Beth Deere_____
                                                         Beth Deere