UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

**ROBERT STEINBUCH**                                                       **PLAINTIFF**

**v.**                      **Case No.: 4:06-CV-0000 620-WRW**

**JESSICA CUTLER; HYPERION BOOKS;
DISNEY PUBLISHING WORLDWIDE;
HOME BOX OFFICE; AND TIME WARNER**         **DEFENDANTS**

BRIEF IN SUPPORT OF RESPONSE TO PLAINTIFF'S MOTION
FOR EXTENSION OF TIME
<u>AND MOTION TO STAY DISCOVERY</u>

I.   <u>Background</u>:

Separate Defendants Jessica Cutler, Hyperion, an Imprint of Buena Vista Books, Inc. ("BVB"), and Disney Publishing Worldwide ("DPW") (collectively "Separate Defendants") filed motions to dismiss for lack of personal jurisdiction on August 18, 2006. Under applicable Federal Rules of Civil Procedure and Local Rule 7.2(b), Plaintiff's responses to the motion would be due, at the latest, on Friday, September 1, 2006.[1]  On Sunday, August 20, 2006, Plaintiff's attorney, Jonathan Rosen, sent an email requesting an extension of time, until November 15, 2006, to respond to those motions. (Exhibit A)  Mr. Rosen requested extension of

---

[1] Plaintiff's counsel was served through the Court's electronic filing system, as evidenced by his email response to counsel for Separate Defendants on Sunday, August 20, 2006. But, for purposes of this Response, Separate Defendants will assume that Plaintiff received copies of the motions on Monday, August 21, 2006. Also, Separate Defendants are aware that Plaintiff's response time is tolled pending a ruling on his motion for extension of time.

two and one-half months in addition to the time set out in the Federal rules of Civil Procedure and Local Rules, for a total of three months.

Mr. Rosen and counsel for Separate Defendants exchanged several emails on Monday, August 21, 2006 and Tuesday, August 22, 2006 regarding the requested extension. (Exhibits B, C, D, E, and F) Separate Defendants agreed to the three-month response time, even though three months is an unusually long extension of time. But because Separate Defendants have asserted that this Court lacks personal jurisdiction over them, they are effectively precluded from engaging in affirmative discovery until their motions are decided. Active participation could be viewed as a waiver of their defenses of lack of personal jurisdiction. Thus, they asked Mr. Rosen to agree to a stay of substantive discovery during the three-month period he requested to respond to the motions to dismiss.

The request for a stay of discovery was based first on the premise that defendants challenging personal jurisdiction should not be required to defend a lawsuit for months on end before a plaintiff is required to file a response; and, second, because any discovery conducted prior to a decision on the pending motions to dismiss would necessarily be a one-way street.

Separate Defendants do not object to the Court's granting Plaintiff a reasonable extension of time to respond, but request that all discovery be stayed pending resolution of Separate Defendants' motions to dismiss for lack of personal jurisdiction. They should be spared the expense of responding to discovery in a

jurisdiction to which they have insufficient ties to support personal jurisdiction over them.

II.  Legal Analysis:

A.  *The Court has the inherent power to control discovery.*

Trial courts have the power and obligation to control discovery to facilitate a fair and orderly progression of the case.  The Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."  Fed. R. Civ. P. 1.  Discovery may be limited for good cause.

> [U]pon motion by a party or by the person from who discovery is sought, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from ... undue burden or expense, including ... that the discovery may be had only on specified terms and conditions, including a designation of the time or place.

Fed. R. Civ. P. 26(c).

Even when discovery relates to the subject of the pending motion to dismiss, courts must safeguard a defendant's rights and ensure the just, speedy, and inexpensive resolution of the case.

> Using their power to control discovery, courts should take care to ensure that litigation of the jurisdictional issue does not undermine the purposes of personal jurisdiction law in the first place.  Where a plaintiff wants to subject a distant defendant to discovery in order to determine whether sufficient contacts support jurisdiction, it is reasonable for a court . . . under Rule 26(b)(2) to expect the plaintiff

3

> to show a colorable basis for jurisdiction before subjecting the
> defendant to intrusive and burdensome discovery in that distant
> forum.

*Ellis v. Fortune Seas, Ltd.*, 175 F.R.D. 308, 312 (S.D. Ind. 1997). In this case, the First Amended Complaint is devoid of any allegations upon which to base personal jurisdiction. Thus, without having made a colorable showing, Plaintiff should not be permitted to burden Separate Defendants even with discovery related to personal jurisdiction.

B.  *A stay of discovery is particularly appropriate when dispositive motions are pending.*

When a defendant challenges personal jurisdiction with a motion to dismiss, the court should exercise its discretion under Fed. R. Civ. P. 26(c) to stay discovery until the pending motion is resolved. In fact, a stay of discovery pending the determination of a dispositive motion "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.C. 2001). The United States Supreme Court has sanctioned a stay of discovery pending resolution of a motion that could result in a party's dismissal from the action. *Harlow v. Fitzgerald,* 457 U.S. 800 (1982) (holding that discovery should be stayed to determine the dispositive issue of immunity of government officials).

The rationale is apparent. If a defendant is not subject to personal jurisdiction, he or she should not be required to respond to a plaintiff's discovery

4

demands going to the merits of the lawsuit, particularly when the motion to dismiss languishes in wait of a response. If Separate Defendants are required to respond to substantive discovery requests before their motion to dismiss is even ripe for consideration, they are denied, in large part, the protection afforded by the due process clause. They have been haled into a foreign forum with no exit so long as their motions remain suspended, awaiting responses.

Although Rule 26 does not explicitly authorize the imposition of a stay of discovery, "[i]t is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion." *Chavous,* 201 F.R.D. at 2. The decision to limit discovery, as with all matters pertaining to discovery, is committed to the sound discretion of the district court and is reviewed under an abuse of discretion standard. *Patterson v. U.S. Postal Service*, 901 F.2d 927, 929 (11th Cir. 1990).

In deciding a motion to stay, a trial court should consider whether the party seeking the discovery will be prejudiced by the delay. *Johnson v. N.Y. Univ. Sch. of Educ.,* 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (finding that a stay of discovery was proper where plaintiff failed to demonstrate prejudice by a stay). In this case, the parties have yet to hold a 26(f) conference, and the case has not been set for trial. There are no pending deadlines. If the motions are granted, Separate Defendants will be dismissed from the lawsuit, and discovery becomes moot. There is no prejudice to Plaintiff in requiring him to wait for the resolution of the pending motions to dismiss before engaging in discovery on the merits of the case.

Although Plaintiff will not suffer prejudice if a stay is granted, Separate Defendants, on the other hand, will bear a substantial burden if a stay is not granted. In that event, they will have to choose between adopting a passive position, *i.e.*, answering written discovery and appearing for depositions in distant locales at substantial expenses in terms of both time and money, or risking waiver of their personal jurisdiction defenses. It is a Hobson's choice that cannot be justified under the facts of this case.

C.    *It is unfair and inefficient to permit unilateral discovery for three months.*

Separate Defendants cannot participate affirmatively in the discovery process without jeopardizing their defense that this Court lacks personal jurisdiction over them. Thus, they cannot risk propounding discovery or conducting depositions prior to a ruling on their pending motions. If Plaintiff is permitted to proceed apace with depositions and written discovery, Separate Defendants would be relegated to a purely passive posture, and all discovery would be conducted on a one-way street.

Plaintiff's reaction to the request for a stay of discovery is more than passing strange. If his attorney requires three months to respond to pending motions to dismiss – a contention these defendants do not challenge – the question arises as to how he, a sole practitioner, will have time to launch into substantive discovery at the same time. Separate Defendants respectfully suggest that Plaintiff should devote the time granted as an extension to drafting his responses. The motions to dismiss deserve Plaintiff's time and attention, undistracted by the

6

burden of conducting discovery that will likely stretch from coast to coast, hitting multiple sites in between.

III.  Conclusion:

Separate Defendants do not object to a reasonable extension of time for Plaintiff to respond to pending motions to dismiss. Because Separate Defendants' motions are based on a lack of personal jurisdiction, however, those motions should be addressed before Plaintiff launches into unilateral discovery on the merits of this case. There is no rush. The case has not been set for trial, and there are no discovery deadlines looming. For all of these reasons, Separate Defendants ask that the Court stay discovery pending resolution of their motions to dismiss.

> WILLIAMS & ANDERSON PLC
> 111 Center Street
> Twenty-Second Floor
> Little Rock, Arkansas 72201
> (501) 372-0800
> (501) 372-6453 (facsimile)
> E-mail: bdeere@williamsanderson.com
>
> By: __/s/ Beth Deere__
>    Philip S. Anderson, Ark. Bar # 60001
>    Jess L. Askew, Ark. Bar # 86005
>    Beth M. Deere, Ark. Bar #86050
>    Clayborne S. Stone, Ark. Bar # 2003102
>
> *Attorneys for Separate Defendants*
> *Jessica Cutler, Hyperion, an Imprint*
> *of Buena Vista Books, Inc. and*
> *Disney Publishing Worldwide*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of August, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following counsel of record.

Jonathan Rosen, Esquire
1645 Lamington Road
Bedminster, NJ 07921
*Attorney for Plaintiff*

Email: xjonathan@mac.com

Claire Hancock, Esquire
Gary D. Marts, Esquire
Wright, Lindsey & Jennings
200 West Capitol Avenue, #2200
Little Rock, AR  72201
*Attorneys for Separate Defendants*
*Time Warner and Home Box Office*

Email: chancock@wlj.com  sscoggin@wlj.com
Email: gmarts@wlj.com  rmoles@wlj.com

          __/s/ Beth Deere_____
            Beth Deere