**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
-------------------------------------------------------------
**Robert Steinbuch**                              **: Index No.: 4-06 CV0000 620WRW**
      **Plaintiff,**                                       **:**
                                    **:**
    **-v-**                                                       **:**
                                      **:**
**Jessica Cutler & Hyperion Books & Disney**  **:**
**Publishing Worldwide & Home Box Office &** **:**
**Time Warner**                                           **:**
        **Defendants.**                                 **:**
-------------------------------------------------------------

**REPLY IN SUPPORT OF**
**PLAINTIFF'S FIRST MOTION FOR AN**
**EXTENSION OF TIME TO FILE RESPONSES TO**
**ALL FIVE DEFENDANTS' MOTIONS TO DISMISS**

      Plaintiff Professor Robert Steinbuch, Law Professor at the University of Arkansas

at Little Rock School of Law, moved this Court for the first time for an extension of time,

up to and including November 15, 2006, to file his responses to Defendants' Disney,

Hyperion, Cutler, Home Box Office, and Time Warner Motions to Dismiss.   Three

defendants now consent to Plaintiff Law Professor Robert Steinbuch's motion, but two

defendants still oppose Plaintiff's First Motion for an Extension of Time.

I.      Defendants' Disney, Hyperion and Cutler Now
        Consent to Plaintiff's First Motion for an Extension of Time

      When Plaintiff initially filed his First Motion for an Extension of Time, all five

defendants, represented by eight separately listed lead counsel from some of the biggest

firms in Arkansas, at first opposed the motion for an extension of time unless Plaintiff

consented to their demands for Plaintiff to waive his right to discovery.[1]   Defendants

---

[1]     Defendants Disney, Hyperion, and Cutler has had a vacillating position on
Plaintiff's First Motion for an Extension of Time.  Initially, Counsel for Defendants

Dockets.Justia.com

Disney, Hyperion, and Cutler in their response to Plaintiff's First Motion for an

Extension of Time has changed their position as to whether to consent to Plaintiff's First

Motion for an Extension of Time and, now, consent to Plaintiff's First Motion for an

Extension of Time.  Accordingly, Plaintiff's First Motion for an Extension of Time

relative to Defendants Disney, Hyperion, and Cutler is unopposed and should be

granted.[2]

II.     Defendants HBO and Time Warner
        Continue to Object to Plaintiff's First Motion for an Extension of Time

        On August 18, 2006 all five Defendants, Disney Publishing Worldwide, Hyperion

Books, Cutler, Home Box Office, and Time Warner, filed motions to dismiss, based on

alleged jurisdictional and alleged substantive grounds.  Defendants HBO and Time

Warner continue to oppose Plaintiff Law Professor Robert Steinbuch's first request for an

extension of time, up to and including November 15, 2006, to respond to all five

Defendants' motions to dismiss.[3]

---

Disney, Hyperion, and Cutler stated "My three clients [Disney, Hyperion], and Jessica
Cutler will not object to your requested extension."  Defendants' Response to Plaintiff's
First Motion for an Extension of Time (Doc 47) Exhibit 2.  Then, Counsel for Defendants
Disney, Hyperion, and Cutler changed her position and stated:  "The thing is, I'm not
going to agree to a 2 1/2 month extension. . . ."[1]  Defendants' Response to Plaintiff's First
Motion for an Extension of Time (Doc 47) Exhibit 4.  Counsel for Defendants Disney,
Hyperion, and Cutler made her consent contingent upon Plaintiff waiving his right to
discovery.  *Id.*  Now, Defendants Disney, Hyperion, and Cutler consent to Plaintiff's First
Motion for an Extension of Time.

[2]      Plaintiff will file its Opposition to Defendants' Disney, Hyperion, and Cutler
motion for a stay of discovery by its due date of September 11, 2006.  Defendants HBO
did not actually file a motion for stay, but adopts that of their co-mega-Defendants.

[3]      Defendants HBO and Time Warner insisted that Counsel for Plaintiff file a letter,
written by Counsel for Defendants HBO and Time Warner, with Plaintiff's First Motion
for an Extension of Time.  Counsel for Plaintiff immediately informed Counsel for HBO
and Time Warner that she is free to respond to Plaintiff's motion and may submit her

Plaintiff's counsel is a sole practitioner, with no employees, and is the only lawyer representing Plaintiff Law Professor Robert Steinbuch. All of the Defendants are represented by large law firms, indeed some of the largest in Arkansas. There are eight attorneys of record representing the Defendants, in addition to the extensive resources of their respective law firms. The Defendants should be admonished for using their size, power and resources to attempt to deny the Plaintiff's Constitutional right to redress the harm inflicted by the Defendants. The Defendants are engaging in these obstreperous tactics to disadvantage the Plaintiff by not allowing his requested time to respond to all five Defendants' alegedly dispositive motions.

The behavior of the Counsel for the Defendants HBO and Time Warner is entirely unprofessional. Plaintiff's Counsel has never in his career had a motion for an extension of time opposed, no less one that requires full briefing – until now. It is unfortunate that a simple motion for extension of time requires such extensive briefing and causes such a waste of this Court's time and resources.

When the Defendants requested that Plaintiff's Counsel consent to an extension of time to file a response to the Complaint filed in this action, I, of course, as a matter of professional courtesy, graciously granted the large corporate Defendants' requests. See Exhibits A and B to Plaintiff's First Motion for an Extension of Time.[4] Nonetheless,

---

letter or attach any documents that she chooses as part of Defendants' Opposition to Plaintiff's First Motion for an Extension of Time. See Exhibit 1 ("Claire, Feel free to respond to my motion for an extension of time and submit your letter and any other document that you want. Courteously, Jonathan"). It seems that Defendants HBO and Time Warner were rightly embarrassed to have to actually file an Opposition to Plaintiff's First Request for an Extension of Time.

[4]    Plaintiff's counsel has always extended professional courtesies to the Defendants in this action. For example, when Defendant Cutler filed a motion for an extension of

Counsel for Defendants Home Box Office and Time Warner opposes Plaintiff's request.[5]

This Court should grant Plaintiff Law Professor Robert Steinbuch's First Motion for an

Extension of Time to respond to Defendants HBO and Time Warner's motions to dismiss

based on alleged jurisdictional and alleged substantive grounds.

CONCLUSION

Plaintiff Law Professor Robert Steinbuch prays that this Court grant his First and

Partially-Consented-To Motion for an Extension of Time so that Plaintiff can respond to

all five Defendants' Motions to Dismiss.


Dated:  September 4, 2006


 _/s/ Jonathan Rosen
Jonathan Rosen, Esq.
1645 Lamington Rd.
Bedminster, NJ 07921
(908) 759-1116
Attorney for Plaintiff
Law Professor Robert Steinbuch

---

time (surreptitiously drafted and served by Counsel for Disney and Hyperion), Defendant
Cutler inaccurately asserted that she was unable to reach Plaintiff's Counsel, even though
Plaintiff's Counsel was not contacted by Cutler or any lawyer representing her.  When
Plaintiff's Counsel first found out about Defendant Cutler's request, I immediately
informed the Court and the Defendants of Plaintiff's consent to Defendant Cutler's
motion for an extension of time.  Counsel for Disney and Hyperion has now disclosed
their representation of Cutler.

[5]      "Disney now ranks among the 100 biggest global firms and the second largest
global media company (behind Time-Warner)."  W. Bruce Allen, et. al, Managerial
Economics 5 (2005).

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2006, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system, which shall send notification of such filing to the following:

Philip S. Anderson     psa@williamsanderson.com, mroach@williamsanderson.com; bwalton@williamsanderson.com

Jess L. Askew , III     jaskew@williamsanderson.com, eperryman@williamsanderson.com; ssmith@williamsanderson.com

Beth M. Deere     bdeere@williamsanderson.com, fdavis@williamsanderson.com

Gary D. Marts , Jr.     gmarts@wlj.com, rmoles@wlj.com

Claire Hancock     chancock@wlj.com

Jonathan S. Rosen     xjonathan@mac.com

Clayborne S. Stone     cstone@williamsanderson.com


  _/s/_ Jonathan Rosen
Jonathan Rosen, Esq.
1645 Lamington Rd.
Bedminster, NJ 07921
(908) 759-1116
Attorney for Plaintiff
Law Professor Robert Steinbuch