UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

**ROBERT STEINBUCH**                                                        **PLAINTIFF**

v.                          Case No.: 4-06 CV0000 620WRW

**JESSICA CUTLER; HYPERION BOOKS;
DISNEY PUBLISHING WORLDWIDE;
HOME BOX OFFICE; AND TIME WARNER**              **DEFENDANTS**

REPLY IN SUPPORT OF RULE 12(b)(2) MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION
BY SEPARATE DEFENDANT
<u>DISNEY PUBLISHING WORLDWIDE</u>

<u>Introduction</u>:

In an effort to shift the Court's focus away from each separate defendant's contacts with the State of Arkansas, Plaintiff casually lumps all defendants together in his opposition to the various motions to dismiss. Disney Publishing Worldwide ("DPW") is a separate defendant, and its contacts with the State of Arkansas must be examined separately from all other defendants in this case.

As set forth in DPW's opening brief, DPW is not subject to the Court's specific personal jurisdiction because it did not publish the book at issue, nor did it distribute the book. In sum, DPW has no connection to the allegations in plaintiff's complaint. The Court, likewise, lacks general personal jurisdiction over DPW since DPW is not an Arkansas corporation. DPW has no bank accounts, telephone listings, and owns no real or personal property in Arkansas, nor does it maintain an office in this state. Plaintiff's cause against DPW is not saved by the fact that DPW registered to conduct business in

Arkansas in September of 2006 and obtained a registered agent in this state at that time.[1] *E.g.*, *Fielding v. Hubert Burda Media, Inc*., 415 F.3d 419, 429 (5th Cir. 2005) (noting that "the registration of an agent for receipt of process does not establish general jurisdiction"). *Davis v. St. John's Health Sys., Inc*., 348 Ark. 17, 26, 71 S.W.3d 55, 60 (2002) ("A registered agent, from any conceivable perspective, hardly amounts to 'the general business presence' of a corporation so as to sustain an assertion of general jurisdiction.").

Analysis:

The burden is on Plaintiff to come forward with facts proving that personal jurisdiction is proper in this Court. See*, e.g., First Nat'l Bank of Lewisville v. First Nat'l Bank of Clinton*, 258 F.3d 727, 729 (8th Cir. 2001). Plaintiff has failed to meet his burden. He cannot controvert the facts established by DPW, *i.e*., that DPW's only connection with the parties to this lawsuit is that it is the parent company of the publisher, Hyperion, an imprint of Buena Vista Books, Inc ("BVB"). Instead, he attaches a rag-tag collection of news summaries that mistakenly refer to the publisher of the book as "Disney" or "HyperionDisney." These erroneous summaries illustrate graphically why hearsay evidence is not admissible.

Plaintiff has set forth no showing that DPW had anything to do with the publication or distribution of the book. The distribution and publishing agreements (respectively attached as Exhibit B to BVB's Motion to Dismiss and Exhibit C to Jessica

---

[1] Several months after the suit was filed, and more than a year after the book was published, DPW became licensed to transact business in the State of Arkansas, and appointed a registered agent here. However, this event, which occurred long after the events giving rise to the lawsuit, is insufficient, as a matter of law, to support a finding of general personal jurisdiction over DPW.

Cutler's Motion to Dismiss) demonstrate that DPW was not a party to the underlying transactions.[2]  Plaintiff has not and cannot come forward with evidence to the contrary.

In the absence of evidence to support a finding of specific personal jurisdiction, Plaintiff again lumps all defendants together in his broad argument that "Defendants avail themselves of the State of Arkansas by intentionally and broadly selling their services within the State."  Plaintiff's Opposition to Defendants' Motion[s] to Dismiss ("Opposition") at p. 11.  In a five-page section of his Opposition, Plaintiff makes reference to DPW's "contacts" with the State of Arkansas in only a few sentences.  First, he asserts that DPW is currently licensed to conduct business in Arkansas and that DPW has an agent for service of process in this state.  Next, he asserts—characteristically without factual support—that DPW's "innumerable other books flood virtually every bookstore within the state."  Opposition at p. 14.  Neither assertion supports a finding of general personal jurisdiction.

As an initial matter, a finding that a defendant has a registered agent within a state, or is licensed to do business in a state, does not, standing alone, confer jurisdiction over that defendant.  See, *e.g.*, *Fielding*, 415 F.3d at 429   Moreover, Plaintiff concedes the very point that is fatal to his argument in establishing personal jurisdiction—DPW registered to conduct business and appointed an agent in the State of Arkansas long after the plaintiff's causes of action allegedly arose and well after the filing of this lawsuit. Under clear Eighth Circuit precedent, these after-the-fact events cannot, as matter of law,

---

[2] In its motion to dismiss and brief in support, DPW explained why personal jurisdiction over it cannot be sustained when based solely on the acts of one of its subsidiaries. See *Epps v. Stewart Information Servs. Corp.,* 327 F.3d 642, 648-49 (8th Cir. 2003).  Plaintiff does not contest this point in his Opposition to DPW's Motion to Dismiss.

3

confer jurisdiction over DPW.  See *Pecoraro v. Sky Ranch For Boys, Inc.,* 340 F.3d 558, 562 (8th Cir.2003) ("Minimum contacts must exist either at the time the cause of action arose, the time the suit was filed, or within a reasonable period of time immediately prior to the filing of the lawsuit.").

Finally, Plaintiff erroneously contends that DPW has "innumerable" other books for sale in this state.  The exhibits attached to Plaintiff's opposition papers, however, list no DPW books for sale in this state.  Rather, Plaintiff's allegation represents another attempt to lump DPW together with other, separate defendants.  DPW is not subject to general jurisdiction in this state, and plaintiff has come forward with no facts to prove otherwise.

## **CONCLUSION**

For all of these reasons, as well as the reasons set forth in DPW's original motion and brief, the Court should dismiss DPW for lack of personal jurisdiction.

Respectfully submitted,

WILLIAMS & ANDERSON PLC
111 Center Street
Twenty-Second Floor
Little Rock, Arkansas 72201
(501) 372-0800
(501) 372-6453 (facsimile)
E-mail: bdeere@williamsanderson.com

By: ___/s/ Beth Deere_____
    Philip S. Anderson, Ark. Bar # 60001
    Jess Askew, III, Ark. Bar # 86005
    Beth Deere, Ark. Bar #86050
    Clayborne S. Stone, Ark. Bar # 2003102

*Attorneys for Separate Defendant*
*Disney Publishing Worldwide*

**CERTIFICATE OF SERVICE**

   I certify that on this 26th day of October, 2006, I served a copy of the foregoing document via the Court's ECF/Pacer electronic filing system upon the following persons:

Jonathan Rosen, Esquire
1645 Lamington Road
Bedminster, NJ 07921
*Attorney for Plaintiff*

Claire Hancock, Esquire
M.N. Norton, Esquire
Gary D. Marts, Esquire
Wright, Lindsey & Jennings
200 West Capitol Avenue, #2200
Little Rock, AR 72201
*Attorneys for Separate Defendants*
*Time Warner and Home Box Office*

                /s/ Beth Deere
                Beth Deere