UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

**ROBERT STEINBUCH**                                              **PLAINTIFF**

**v.**                       **Case No.: 4-06 CV0000 620WRW**

**JESSICA CUTLER; HYPERION BOOKS;
DISNEY PUBLISHING WORLDWIDE;
HOME BOX OFFICE; AND TIME WARNER**        **DEFENDANTS**

**REPLY IN SUPPORT OF RULE 12(b)(2) MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION
BY SEPARATE DEFENDANT JESSICA CUTLER**

Plaintiff fails to establish that this Court has personal jurisdiction over separate defendant Jessica Cutler. Due process requires that a nonresident defendant have sufficient "minimum contacts" with the forum state so that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Guinness Import Co. v. Mark VII Distribs., Inc.*, 153 F.3d 607, 614 (8th Cir. 1998). In spite of Plaintiff's liberties with the facts[1] and misapplication of the law, his Opposition to Ms. Cutler's Motion to Dismiss falls short of establishing "minimum contacts" between Ms. Cutler and Arkansas. Arkansas has neither general nor specific jurisdiction over Jessica Cutler.

The Facts:

Plaintiff tries to establish "minimum contacts" by asserting that consumers in Arkansas are able to purchase books and other products from Jessica Cutler's website located at *www.jessicacutleronline.com*. Contrary to the plaintiff's allegations and as evidenced by his own exhibits, Ms. Cutler does not directly sell *any* products on her website. Ms. Cutler's

---

[1] Plaintiff makes several inaccurate statements of fact in his Opposition to Defendants' Motion to Dismiss. It is impractical, however, to address all of the inaccuracies in this Reply. Separate Defendant Cutler urges this court not to construe the lack of a response as an admission of any fact.

site is not interactive; instead the site only provides third-party links to outside retailers such as *www.amazon.com* and *www.intimategifts.com*. Items purchased from these stores are purchased directly from the retailers, not from Ms. Cutler. Plaintiff's attached Exhibit 11 purportedly evidences a consumer, Jane Evans, purchasing "The Washingtonienne" directly from Ms. Cutler. A review of the receipt reveals that the book was purchased from Amazon.com, as the receipt was sent from *auto-confirm@amazon.com* and concludes with the message, "Thank you for shopping with us. Amazon.com." Plaintiff also says that consumers have purchased other products from Ms. Cutler's website, but his own exhibits prove otherwise. For example, the receipt attached as Exhibit 13 to Plaintiff's Opposition shows that these items were purchased from "intimategifts.com", not a website controlled by Ms. Cutler. Moreover, all of these transactions occurred *after* the filing of this lawsuit and are therefore irrelevant. See *Pecoraro v. Sky Ranch For Boys, Inc.,* 340 F.3d 558, 562 (8th Cir.2003) ("Minimum contacts must exist either at the time the cause of action arose, the time the suit was filed, or within a reasonable period of time immediately prior to the filing of the lawsuit.").

  Plaintiff further alleges that Ms. Cutler personally and knowingly went out of her way to ensure that an Arkansas citizen was able to purchase a copy of "The Washingtonienne." The correspondence, attached to plaintiff's Opposition as Exhibit 16, was sent by Jane Evans after the filing of this lawsuit to Jessica Cutler's email address from *janeinre@aol.com.* There is nothing in the email address to suggest that Ms. Evans is a resident of Arkansas and Ms. Evans never provides Ms. Cutler with her residency. Plaintiff's allegations that Ms. Cutler "knowingly went out of her way to ensure that an Arkansas citizen was able to purchase an autographed copy" is an exaggeration approaching misrepresentation.

Analysis:

Plaintiff argues that as a result of Ms. Cutler's website and emails, she has subjected herself to specific personal jurisdiction in Arkansas. He cites three cases to support specific jurisdiction: *3M Co. v. Icuiti Corp.*, 2006 U.S. Dist. LEXIS 35706 at *6, *Rainy Day Books, Inc.* v. *Rainy Day Books & Café, L.L.C.*, 186 F. Supp. 2d 1158, 1164 (D.Kan.2002); and *Stomp, Inc. v. NeatO, LLC*, 61 F. Supp. 2d 1074, 1078 n.7 (C.D. Cal. 1999). None of these cases support Arkansas's exercise of personal jurisdiction over Ms. Cutler. All of the operators of the websites at issue in these cases conducted commercial activity through the internet or specifically targeted the forum state.

In *3m Co.,* the District Court of Minnesota determined that the contacts between the defendant and its Minnesota customers evidenced that defendant "clearly does business [in Minnesota] over the Internet." *Id.* at *3. In reaching this result, the court gave great weight to the fact that the website included "Minnesota as a shipping destination, and [the defendant] collect[ed] payment information over the website." *Id.* This case stands in stark contrast to the facts in this case. Ms. Cutler transacts no business over her website.

In *Rainy Day Books, Inc.*, the plaintiff was a Kansas corporation with its principal office and place of business in Kansas. *Rainy Day Books, Inc.*, 186 F. Supp. 2d 1158, 1164. The plaintiff had registered "Rainy Day Books" as its service mark. The defendant, a Maryland corporation with its principal office and place of business in Maryland, established an Internet website, *www.eastonrainydaybookstore.com* which incorporated multiple uses of the plaintiff's service marks in order to target Kansas customers. The

plaintiff sued defendant in Kansas for service mark infringement and the defendant filed a motion to dismiss for lack of personal jurisdiction.

The plaintiff argued personal jurisdiction based on the defendant's website, which permitted users to subscribe to a mailing list, obtain information regarding gift certificates, and purchase books online by clicking on a link to a third-party provider of online ordering services. Similar to Mr. Steinbuch, the plaintiff in *Rainy Day Books* provided evidence to the court of several purchase orders placed on the third party's website by Kansas residents.[2] The Court held, however, that evidence of these purchases was irrelevant because it did not reflect the *defendant's* actions. It stated "[b]ecause the inquiry is under specific personal jurisdiction, the individual book orders placed by Kansas residents at plaintiff's behest are not determinative. Instead, the focus of the inquiry is on defendant's actions in setting up and maintaining a commercial website, which targeted Kansas residents." *Id.* at 1165. The Court found specific personal jurisdiction based on the defendant specifically targeting the state of Kansas. Here, neither Ms. Cutler's book nor her website targets the state of Arkansas. Unlike the defendant in *Rainy Day Books* she has not purposely availed herself of this forum.

The final case cited by plaintiff, *Stomp, Inc. v. NeatO, LLC*, 61 F.Supp. 2d 1074, 1078 n.7 (C.D. Cal. 1999), is wholly inapplicable to the facts at hand. The defendant in *Stomp* marketed its products over the Internet directly to consumers using the internet. Ms. Cutler does not sell directly to consumers; she has no goods for sale on her website.

---

[2] In an effort to establish jurisdiction in *Rainy Day Books*, the plaintiff had several individuals, at its behest, make purchases from the defendant's website. The plaintiff in this case, Mr. Steinbuch, has attempted to manufacture contacts between Arkansas residents and Ms. Cutler. A simple Google search reveals that the individuals who signed Declarations in support of plaintiff's Motion in Opposition are professors, students, and other members of the community involved with the UALR law school.

4

Ms. Cutler never could have reasonably anticipated that the plaintiff would decide to relocate to a distant state and file suit. Ms. Cutler especially could not have expected the plaintiff to file suit in Arkansas after he already filed a lawsuit supported by the same factual allegations in the District of Columbia. Ms. Cutler has done nothing to purposely avail herself to Arkansas. Due process requires that the plaintiff's claims against Ms. Cutler be dismissed for lack of personal jurisdiction.

## CONCLUSION

For all of these reasons, as well as the reasons set forth in Jessica Cutler's original motion and brief, Jessica Cutler respectfully requests that this Court grant her Motion to Dismiss.

Respectfully submitted,

WILLIAMS & ANDERSON PLC
111 Center Street
Twenty-Second Floor
Little Rock, Arkansas 72201
(501) 372-0800
(501) 372-6453 (facsimile)
E-mail: bdeere@williamsanderson.com

By:   /s/ Beth Deere
    Philip S. Anderson, Ark. Bar # 60001
    Jess Askew, III, Ark. Bar # 86005
    Beth Deere, Ark. Bar #86050
    Clayborne S. Stone, Ark. Bar # 2003102

*Attorneys for Separate Defendant*
*Jessica Cutler*

## **CERTIFICATE OF SERVICE**

I certify that on this 27th day of October, 2006, I served a copy of the foregoing document via the Court's ECF/Pacer electronic filing system upon the following persons:

Jonathan Rosen, Esquire
1645 Lamington Road
Bedminster, NJ 07921
*Attorney for Plaintiff*

Claire Hancock, Esquire
M.N. Norton, Esquire
Gary D. Marts, Esquire
Wright, Lindsey & Jennings
200 West Capitol Avenue, #2200
Little Rock, AR  72201
*Attorneys for Separate Defendants*
*Time Warner and Home Box Office*

                                              /s/ Beth Deere
                                              Beth Deere