**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

ROBERT STEINBUCH                                                        **PLAINTIFF**

VS.                                   **4:06CV00620-WRW**

JESSICA CUTLER and
HYPERION BOOKS                                                       **DEFENDANTS**

**ORDER**

Pending is Plaintiff's Motion to Transfer Case (Doc. No. 75).  Defendant Hyperion

Books has responded (Doc. No. 76).  Defendant Cutler has not responded, and the time for doing

so has passed.

Plaintiff requests that this case be transferred under 28 U.S.C. § 1404(a) to the United

States District Court for the District of Columbia (sometimes referred to in this Order as DC).[1]

Defendant Hyperion opposes the motion because: 1) this Court does not currently have

jurisdiction over Cutler,[2] and the Court may transfer only an entire case, not just part of it; and

2) the District of Columbia does not have personal jurisdiction over Hyperion.[3]

**I.      BACKGROUND**

In summer of 2005, Robert Steinbuch had a sexual relationship with Jessica Cutler,

which Cutler chronicled in her blog "The Washingtonienne."[4]  The blog describes intimate

details of Cutler's relationship with Steinbuch and her other lovers.[5]  About one year after her

---

[1]Doc. No. 75.

[2]*Steinbuch v. Cutler*, 518 F.3d 580, 583 (8th Cir. 2008).  Steinbuch's appeal with respect to Cutler is still pending in the Eighth Circuit.  It was stayed pending a bankruptcy proceeding in the Northern District of New York.

[3]Doc. No. 76.

[4]*Steinbuch,* 518 F.3d at 583-84.

[5]*Id.* at 584.

blog postings, Cutler wrote a fictional book also titled "The Washingtonienne."[6] Hyperion

Books, an imprint of Buena Vista Books, published the book in 2005.[7]

In May, 2006, Steinbuch filed his complaint alleging invasion of privacy and intentional

infliction of emotional distress.[8] On February 2, 2007, this Court dismissed all defendants for

lack of personal jurisdiction and a failure to state a claim.[9] Steinbuch appealed, and the Eighth

Circuit stayed the appeal with respect to Cutler, remanded the decision to this Court with respect

to personal jurisdiction over Hyperion, and affirmed this Court's decision on all other counts.[10]

Steinbuch then filed his Motion to Transfer Case to the United States District Court for the

District of Columbia ("DC").[11]

## II.    DISCUSSION

In his Motion, Steinbuch quotes Cutler's brief that "Arkansas is not a convenient forum,"

and also quotes this Court's February, 7, 2007, dismissal Order, which stated "the Single

Publication Rule would likely make the District of Columbia the best forum for this case."[12]

---

[6]*Id.*

[7]*Id.*

[8]Doc. No. 1.  In Arkansas, intentional infliction of emotional distress is known as outrage.

[9]Doc. No. 65.

[10]*Steinbuch*, 518 F.3d 580.

[11]Doc. No. 76.

[12]Doc. No. 75.  Steinbuch also includes other language from a previous Order (Doc. No.65), in which the Court discussed the benefits to the parties and witnesses of venue in the District of Columbia.

Steinbuch makes no additional arguments regarding why transfer of venue is appropriate, or whether the DC has personal jurisdiction over Hyperion.

### A.       Partial § 1404(a) Transfer

Currently, the Eighth Circuit Court of Appeals has jurisdiction over Steinbuch's claims against Cutler, and this Court cannot take action on those claims until the appeal has been resolved.  Hyperion argues that since Cutler's claims cannot be transferred, the entire case cannot be transferred, and a § 1404(a) transfer motion cannot be granted.[13]

A partial § 1404(a) transfer of just Hyperion would undermine the purpose of § 1404(a). The Supreme Court has held that "[t]he purpose of [§ 1404(a)] is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense.'"[14]  To transfer only Hyperion could force Steinbuch and other witnesses to appear in both Arkansas and the DC in a case arising out of a single set of facts, thus creating duplicate litigation.

### B.       Personal Jurisdiction in the District of Columbia

Section 1404(a) requires that the transferee forum be a place where the suit originally might have been brought.[15]  The transferee forum must have both venue and personal jurisdiction over the parties.[16]

The DC's long-arm statute grants personal jurisdiction over a person's claims arising out of: 1) business transacted in DC; 2) contracts to supply services in DC; 3) tortious injury in DC

---

[13]Doc. No. 76.

[14]*Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge F.B.L.-585*, 364 U.S. 19, 26, 27 (1960)).

[15]28 U.S.C. § 1404(a).

[16]35A C.J.S. Federal Civil Procedure § 562.

caused by an act or omission in DC; 4) tortious injury in DC caused by an act or omission outside DC, if, in DC, the person does or solicits business, renders services, derives substantial revenue from goods used, or engages in other persistent activities; 5) having property in DC; 6) providing insurance or an act of surety in DC; or 7) having a marital or parental relationship with someone in DC.[17]  Here, Steinbuch provides no information regarding business Hyperion conducted in DC, services Hyperion provided in DC, injuries caused by Hyperion in DC, property Hyperion owns in DC, or insurance Hyperion might provide in DC.[18]  Without any indication as to the nature of Hyperion's contacts with DC, there is not enough information to determine if Steinbuch may have appropriately brought this suit in DC.  Thus there is no basis for a § 1404(a) transfer.

## CONCLUSION

Transferring Steinbuch's case now would thwart principles of judicial economy, and Steinbuch has not demonstrated that DC has personal jurisdiction over Hyperion.  Accordingly, Steinbuch's Motion to Transfer Case (Doc. No. 75) is DENIED.

IT IS SO ORDERED this 1st day of July, 2008.


/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE

---

[17]D.C. Code Ann. § 13-423.

[18]Doc. No. 75.