**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**ROBERT STEINBUCH**                                                                                         **PLAINTIFF**

**4:06-CV-00620-WRW**

**JESSICA CUTLER, et al.**                                                                                    **DEFENDANTS**

## ORDER

Pending are Plaintiff's Motion to Compel (Doc. No. 83) and Defendant's Motion for Protective Order (Doc. No. 84).

**Plaintiff's Motion to Compel**

At this point the parties are expected to be conducting *only* the jurisdictional discovery necessary to determine whether this Court has general personal jurisdiction over Defendant Hyperion.[1]  Plaintiff now asks this Court to compel Defendant to respond to discovery requests he served on June 18, 2008.  After reviewing the discovery requests, it seems to me that many of Plaintiff's requests are beyond the scope of discovery permitted at this point and too broad.

For example, Request for Production No. 1 reads: "Provide all contracts and/or agreements for distribution of each and every one of defendant's previous, current, and or future books."  This request is far too broad and not narrowly tailored to this case or the discovery permitted at this stage.  The same can be said for Request for Production No. 2, which reads: "Provide all contracts and/or agreements for distribution of each and every one of defendant's previous, current, and or future book titles."  Even the Requests for Production that are Arkansas specific are too broad; they should be much more narrowly tailored.

---

[1]See Doc. No. 81.

Accordingly, Plaintiff's Motion to Compel (Doc. No. 83) is DENIED. Plaintiff must forthwith narrow his discovery requests to seek *only* information relevant to whether this Court general personal jurisdiction over Defendant.

**Motion for Protective Order**

On May 1, 2008, Plaintiff filed Motion to Transfer Case to Washington D.C.[2] The motion was denied on July 1, 2008.[3] That same day, Plaintiff served Hyperion with discovery requests which focus primarily on venue in Washington D.C. Hyperion now seeks a protective order regarding the July 1, 2008 discovery requests. Since, Plaintiff's Motion to Transfer was denied, it seems to me that these requests are no longer relevant to this litigation. Accordingly, Defendant's Motion for Protective Order (Doc. No. 84) is GRANTED, and Defendant need not respond to Plaintiff's July 1, 2008 discovery requests.

IT IS SO ORDERED this 30th day of July, 2008.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[2] Doc. No. 75.

[3] Doc. No. 79.